# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER VERTICELLI, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1463 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, DEPARTMENT OF | : | |
| CORRECTIONS, *et al.* | : | |
| *Defendants*. | : | |

## **ORDER**

AND NOW, this 6th day of October, 2025, upon consideration of Plaintiff Christopher Verticelli's *pro se* Amended Complaint (ECF No. 14), it is **ORDERED** that:

1. For the reasons stated in the Court's Memorandum, the Complaint is **DISMISSED** in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), as follows:

    a. The claims against the Pennsylvania Department of Corrections ("DOC"), are **DISMISSED WITHOUT PREJUDICE** without leave to amend. The Clerk of the Court is **DIRECTED** to **TERMINATE** the Pennsylvania Department of Corrections ("DOC") as a Defendant.

    b. The Eighth Amendment excessive force claims and state law assault and battery claims pass statutory screening and may proceed to service against Defendant Lt. Randall.

    c. The balance of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with paragraph three (3) of this Order.

2.     The Clerk of Court is **DIRECTED** to send Verticelli a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

3.     Verticelli is given thirty (30) days to file a second amended complaint in the event he can allege additional facts to state a plausible First Amendment retaliation and Eighth Amendment denial of healthcare claims, which have been dismissed without prejudice.  Any second amended complaint shall identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint, shall state the basis for Verticelli's claims against each defendant, and shall bear the title "Second Amended Complaint" and the case number 25-1463.  If Verticelli files a second amended complaint, his second amended complaint must be a complete document that includes all the bases for his claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  **For example, if Verticelli files a second amended complaint, he must include in that second amended complaint the allegations supporting his Eighth Amendment excessive force claims and state law assault and battery claims asserted against Lt. Randall, which claims have not been dismissed, if he seeks to proceed on those claims**.  Claims that are not included in the second amended complaint will not be considered part of this case.  When drafting his second amended complaint, Verticelli should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4.     If Verticelli does not file a second amended complaint the Court will direct service of his Amended Complaint on Defendant Lt. Randall.  Verticelli may also notify the Court that he seeks to proceed on his excessive force and state law claims against Lt. Randall rather than file a second amended complaint.  If he files such a notice, Verticelli is reminded to include the case number for this case, 25-1463.

5.     The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                                          **BY THE COURT:**

                                          */s/ Gerald J. Pappert*
                                          **GERALD J. PAPPERT, J.**